## No. 1185.

### ERNEST J. SMITH VS. WM. W. JOHNSON.

35 943
45 1459

The hypothecary action against the third possessor is not barred by the prescription of ten years, when the principal obligation has been kept alive, and the mortgage securing it has been properly inscribed and reinscribed.

When, after the minor's mortgage has been preserved, by the inscription of the abstract of inventory under the Act of 1869, the minor arriving at the age of majority has liquidated his mortgage by account and judgment against his tutrix, the inscription of such judgment is sufficient to preserve his mortgage thereafter, and there is no necessity of reinscribing the abstract of inventory.

APPEAL from the Nineteenth District Court, Parish of St. Mary. *Goode*, J.

*D. Caffery* for Plaintiff and Appellant.

*M. J. Foster* for Defendant and Appellee.

The opinion of the Court was delivered by

FENNER, J. The plaintiff, E. J. Smith, was born in 1848. His father, Simeon Smith, died in 1853, and, in the same year, his mother, Mrs. Arpha M. Smith, was confirmed as his natural tutrix. As required by the Constitution of 1868 and legislation thereunder, the minor's mortgage was recorded by inscription of the abstract of the inventory of estate of Simeon Smith on November 9th, 1869. At this date, plaintiff was already of age. On June 10th, 1870, defendant Johnson bought the property here in question from Mrs. Smith for $12,500, and since said purchase has been in peaceable and public possession thereof.

In 1872, Mrs. Smith filed her account of tutorship to plaintiff, and on December 2d, 1872, judgment was rendered homologating her account, giving judgment in favor of the minor against the tutrix for the sum of $10,734.85, and decreeing that "the tacit or legal mortgage of said ward on the property of his said tutrix be and the same is hereby recognized to have effect from the date of her confirmation as such tutrix." The judgment was recorded on August 1st, 1873, and reinscribed on August 1st, 1881, and the judgment itself was revived in February, 1881.

The original inscription of the minor's mortgage resulting from the recordation of the abstract of inventory in 1869 was never reinscribed.

On August 15th, 1882, plaintiff brought the present hypothecary action to subject the property bought by Johnson in 1870 to his mortgage, setting up his judgment and the mortgage recognized therein, and alleging that said mortgage was originally properly inscribed, and had been kept alive by said judgment and its inscriptions and revival.

To this demand the defendant opposed :

1. The prescription of ten years as a bar to the action under Arts. 3528, 3529, C. C.

2. The peremption of plaintiff's mortgage by failure to reinscribe the same within ten years from the date of its original inscription in 1869.

### I.

The question whether the prescription of ten years declared by Art. 3529, C. C., applies to the hypothecary action against the third possessor of property, has been the shuttle-cock of our jurisprudence.

The Article declares, that " this prescription has also the effect of releasing the owner of an estate from every species of real rights to which the property may have been subject, if the person in possession of the rights has not exercised it during the time required by law."

In the case of Lanusse vs. Minturn, 11 La. p. 256, the Court held, that this prescription barred the hypothecary action against the third possessor.

In Bibbs vs. The Union Bank, 3 An. 334, precisely the opposite doctrine was announced.

This last interpretation received greater or less countenance from the Court in 5 An. 590, 12 An. 715, and 14 An. 106, down to the case of Adler vs. Prudhomme, 16 An. 343, wherein the Court expressly overruled the case of Bibbs vs. Union Bank, and reaffirmed the earlier doctrine. But in the case of Gentes vs. Blasco, 20 An. 403, the Court in a well considered decision returned to the doctrine of Bibbs vs. Union Bank, and held that the hypothecary action was not barred by the lapse of ten years, but may be exercised at any time while the mortgage remains in force.

This latest interpretation appears to have remained undisturbed to the present day, unless by a careless *dictum* of Mr. Justice Marr, in the case of Chapman vs. Citizens' Bank, 31 An. 395, which is so distinctly *obiter* and unconsidered as to merit no attention. In this conflict of authority, we have given serious consideration to the reason of the matter, and conclude that the doctrine denying the applicability of the prescription is the better founded.

We are satisfied that the " real rights," referred to in Art. 3528, do not include mortgages, but only such real rights as are evidenced and preserved by their exercise. The contention that mortgages are included therein requires too much, since it would make the prescription applicable to all actions to enforce mortgages, whether against property in hands of original mortgagees or against third possessors. The construction contended for is equally inconsistent with our registry laws.

Of what use would it be to reinscribe mortgages at the end of ten years, for the purpose of keeping the mortgage alive, when, by the mere lapse of the ten years, regardless of reinscription, the action to enforce the mortgage is prescribed?

Another consideration mentioned in Bibbs vs. Union Bank seems conclusive. The Art. 2180 of the Napoleon Code contained an express disposition, that prescription is acquired by the third possessor of mortgaged property by the lapse of time fixed by law for the prescription of the property itself. The omission of this provision from Art. 3374 of the Code of 1825, which is otherwise identical with the above Article, must be taken to have been done *ex industria,* and to indicate the unwillingness of the authors to adopt that rule. Hence, the argument of Mr. Justice Bullard, in Lanusse vs. Minturn, to the effect that " it would seem as clear as that the greater includes the less, that if the plaintiff could not recover the property in a real action, she could not, *a fortiori,* enforce any real right in it," falls to the ground.

With these views, we hold that the prescription pleaded against the action is untenable.

## II.

Is the mortgage perempted for want of legal reinscription? Plaintiff having been of age at the date of the original inscription, it may now be considered as settled that he was not exempted from the operation of the laws relative to reinscription. Thompson vs. Lemelle, 34 An. 1041.

But the question is whether, having within four years after his majority obtained a judgment liquidating his claim against his tutrix, and recognizing his mortgage therefor to date from the time of her appointment, and having inscribed and reinscribed that judgment, he has not done all that was necessary for the preservation of his rights.

Defendant contends that he should have reinscribed the abstract of the inventory. For what purpose? The registry of that abstract was merely intended as notice to third persons that there existed a supposititious, unsettled, possible right in the minor secured by mortgage on the property of his tutrix, which it would be his duty, within four years after his majority, to take action to settle and liquidate. After thus liquidating his right by judgment fixing the amount of his claim, and expressly recognizing his mortgage as dating from the appointment of the tutrix, it would seem that the inscription of the abstract of inventory had performed its function, and that it would be worse than useless to reinscribe such an effete instrument, when, by the inscrip-

119

tion of the liquidating judgment, he would give to all the world so much more distinct and definite information as to his claims and rights.

In Morrison vs. Citizens' Bank, 27 An. 401, it was held, that the recordation of such a judgment prior to the adoption of the Constitution of 1868, dispensed with the necessity of the inscription directed therein, and in Act 95 of 1869, and by parity of reasoning, a like recordation afterward would seem to dispense with the necessity of reinscription.

The asserted anology between this case and those authorities holding that recordation of a judgment recognizing a conventional mortgage does not dispense with reinscription of the mortgage itself, does not exist. In the one case, the mortgage springs from the act or convention, which is the complete and perfect evidence thereof; while, in the other, the mortgage springs from the law. The inscription of the inventory abstract is made for want of better evidence of the claim, and merely to give notice of the right until such better evidence is obtained, and with a view to the liquidation and settlement of the right within the period fixed by law. When such liquidation is had and such better evidence is furnished by judgment, its inscription supersedes the original imperfect one, and leaves no reason or necessity for its reinscription.

This judgment was rendered in the same proceeding in which the inventory previously recorded was taken, viz: in the succession of Simeon Smith, and, practically, its inscription afforded defendant every notice which would have resulted from reinscription of the abstract.

We discover no cause for complaint by defendant in the long indulgence which has been granted him. He bought this property subject to the mortgage of this minor; he has never discharged it; and as it has been kept alive and prosecuted within all the limitations imposed by law, the lapse of time affords him no ground for relief or complaint.

It is, therefore, ordered, adjudged and decreed that the judgment appealed from be annulled, avoided and reversed, that defendant's pleas of peremption and prescription be overruled, and that the case be now remanded to the lower court, to be there proceeded with according to law; defendant and appellee to pay costs of his exceptions and of this appeal.